IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDDIE JOSEPH BROWN   #87813**                                                                **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 1:15-cv-212-RHW**

**JACQUELINE BANKS,** *et al.*                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT**

This cause is before the Court *sua sponte* for consideration of dismissal.  The parties consented to the exercise of jurisdiction by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all purposes.  [18], [19]  Plaintiff Eddie Joseph Brown, an inmate of the Mississippi Department of Corrections, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983.  Although the Court initially granted Brown leave to proceed *in forma pauperis* (IFP), the undersigned revoked Brown's IFP status on November 3, 2016 due to his having accumulated three strikes.  In Order [43], the Court directed Brown to pay the filing fee by December 5, 2016, and expressly warned Brown that failure to timely pay the filing fee would result in the dismissal of this action.  Brown did not pay the filing fee in this Court, and his deadline for doing so has expired.

This Court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under FED.R.CIV.P. 41(b) and under the Court's inherent authority.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of parties seeking relief, so as to achieve the orderly and expeditious disposition of

cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-630.

The Court concludes dismissal of this action is proper under FED.R.CIV.P. 41(b) for Brown's failure to prosecute and failure to comply with Order [43] and failure to pay the filing fee. *See Rice v. Doe*, 306 F.Appx. 144, 146 (5th Cir. 2009) (affirming dismissal based on an inmate's failure to comply with a court order); *Davis v. Gordon*, 2003 WL 22120979 (5th Cir. September 12, 2003) (affirming dismissal of prisoner's case for failure to pay the filing fee). This disposition renders moot [33] Defendants' motion for summary judgment and [42] Brown's motion to enter the declaration of a fellow inmate to the effect that Brown sought to borrow food from the inmate from March-May, 2015.[1] It is therefore,

**ORDERED AND ADJUDGED** that this case is dismissed, thereby rendering moot motions [33] and [42]. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Brown's complaint in the lawsuit is that lights were left on in the prison, leaving him unable to sleep at night, so he slept during the daytime and sometimes slept through, and missed meals.